**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

THOMAS OGORZELEC, JR.,

       Plaintiff,

vs.                                  CASE NO. 8:11-cv-1802-T-TEM

MICHAEL J. ASTRUE,
Commissioner Social Security,

       Defendant.
_____

## ORDER AND OPINION

This case is before the Court on Plaintiff's complaint (Doc. #1). Plaintiff seeks review of the final decision of the Commissioner of Social Security that denied Plaintiff's claim for disability insurance benefits (DIB). This Court has authority to conduct the requested review. 42 U.S.C. § 405(g).

Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #22, Plaintiff's Brief). Defendant filed his brief in support of the decision to deny disability benefits (Doc. #23, Defendant's Brief). The Commissioner has filed the transcript of the administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number). The parties consented to resolution of the case by a magistrate judge (*see* Doc. #11).

Upon review of the record, the Court found the issue raised by Plaintiff was adequately briefed and determined oral argument would not benefit the Court in making its determinations. Accordingly, the instant matter has been decided on the written record. For the reasons set out herein, **the Commissioner's decision is AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff initially filed for disability insurance benefits under a protective filing date of November 26, 2004, with an alleged disability onset date of February 5, 2002 (Tr. 79, 84-86). Plaintiff's application was denied at each stage of the administrative level and Plaintiff sought review in the Middle District of Florida, where the matter was remanded on November 6, 2008 for further administrative proceedings pursuant to the request of the Commissioner (*see* Tr. 491-98). During the interim, on March 24, 2008, Plaintiff filed another application for a period of disability and disability benefits, this time alleging disability since January 26, 2008 (Tr. 557-59). This application was denied initially and on reconsideration. The administrative law judge (ALJ), Edwin W. Tyler, considered both applications simultaneously, held a hearing on May 22, 2009 (Tr. 810-44),[1] and issued a decision denying Plaintiff's applications on June 24, 2009 (Tr. 478-90).

The Appeals Council denied review of the ALJ's decision on June 9, 2011 (Tr. 461-63). Thus, the ALJ's decision became the final decision of the Commissioner. Thereafter, Plaintiff's current legal counsel, Mr. Michael Alan Steinberg, Esq., filed the instant complaint in federal court on August 11, 2011.

## SOCIAL SECURITY ACT ELIGIBILITY
## AND THE STANDARD OF REVIEW

A plaintiff may be entitled to disability benefits under the Social Security Act if he or she is unable to engage in substantial gainful activity by reason of any medically

---

[1]Plaintiff was represented at the May 2009 administrative hearing by attorney William Hemmers (Tr. 553). Plaintiff testified at the administrative hearing, as did vocational expert (VE) Irbin Roth (Tr. 490). At the request of Plaintiff's counsel, Plaintiff's originally alleged date of disability onset was amended from February 5, 2002 to May 14, 2004 (Tr. 814-15).

determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A). The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits.[2] *See* 20 C.F.R. § 404.1520.[3]

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, and whether the findings are supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971)*; see also McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is defined as more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the Court

---

[2] First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). A plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden temporarily shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

[3] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition.

will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable, as well as unfavorable, to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

As in all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove the existence of

disabling physical or mental functional limitations.  20 C.F.R. § 404.704.

## BACKGROUND AND ANALYSIS

Plaintiff, who was born August 19, 1967, was forty-one when the ALJ issued his decision to deny disability benefits (Tr. 84).  Plaintiff has two years of college education (Tr. 96).  Plaintiff is able to read, write and understand English (Tr. 91).  Plaintiff's past relevant work includes gas station cashier, university emergency dispatcher, military fire protection supervisor, funeral director, receiver at a wholesale club, as well as hospital security guard (Tr. 92).  In an undated Disability Report- Adult, that was entered into the record on July 23, 2007, Plaintiff alleged he was unable to work due to a lower back injury, limited control of bowels and depression (Tr. 91-97).

The ALJ found Plaintiff's date last insured for DIB to be June 30, 2009 (Tr. 482), which is not challenged by either party.  At step two, the ALJ found Plaintiff had the severe impairments of "Lumbar Degenerative Disc Disease (DDD); Osteoarthritis of Patella; and Depressive Reaction." *Id.* (citations omitted).  While the ALJ did not find it to be severe, he did find Plaintiff's claimed incontinence would require ready access to "washroom facilities" (Tr. 483).

Plaintiff raises a single issue on appeal.  Plaintiff asserts the ALJ erred by failing to articulate an adequate hypothetical question, and thus erroneously relied on the testimony of the VE.  Plaintiff's Brief at 5.  More specifically, Plaintiff argues the ALJ could not properly rely on the VE's testimony because the operative hypothetical question failed to detail the frequency of Plaintiff's bathroom needs or the proximity of the bathroom to Plaintiff's workstation.  *Id.* at 5-7.

The Commissioner responds that the ALJ's decision was based on substantial

evidence and should be affirmed.  Defendant's Brief at 15.  The Commissioner argues the hypothetical was adequate because the ALJ need not incorporate limitations which are properly rejected and Plaintiff's subjective complaints, including Plaintiff's claims of bowel control problems, were properly rejected.  *Id.* at 5-9.  The Commissioner further argues that the hypothetical upon which an ALJ relies is required to take account of a claimant's functional limitations, and should not include the impairments that cause the limitations. *Id.*

**Use and Adequacy of Hypothetical Questions**

Plaintiff and Defendant disagree on the adequacy of the hypothetical question that prompted the vocational expert to find other jobs in the economy that a person with Plaintiff's characteristics and limitations could perform.   Plaintiff challenges the ALJ's reliance on the VE's testimony by asserting that the testimony was given in response to an incomplete hypothetical question that failed to fully account for Plaintiff's limitations. Plaintiff's Brief at 5-8.  The Commissioner counters that the hypothetical was adequate and thus the VE's testimony could properly be relied on as substantial evidence supporting a finding of no disability.  Defendant's Brief at 4.

Hypothetical questions are tools used by the ALJ to introduce independent evidence of the existence of jobs in the national economy that a claimant can perform.  *See Bouie v. Astrue*, 226 Fed. Appx. 892, 894 (11th Cir. 2007); *Callahan v. Barnhart*, 186 F. Supp. 2d 1219, 1228 (M.D. Fla. 2002) (the goal when using a vocational expert is to determine whether the claimant can perform other work in the economy).  It is well established in the Eleventh Circuit that when a vocational expert is utilized at the fifth step in the sequential evaluation process, the hypothetical question posed to the VE must account for the

limitations arising out of all impairments of the particular claimant/plaintiff for the VE's testimony to constitute substantial evidence upon which the ALJ may rely in making the disability determination.  *Winschel*, 631 F.3d at 1180; *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985).  However, the ALJ is not required to include any limitations offered by Plaintiff's counsel or Plaintiff's medical sources that were not supported by substantial evidence and/or were properly discounted.  *See Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1161 (11th Cir. 2004)*; McSwain*, 814 F.2d at 617.

In the instant case, the ALJ posed the following operative hypothetical to the VE:

> Okay, and let's assume for purposes of the first hypothetical that we have an individual with a similar profile as the claimant regarding age, education, vocational background, the limited transferable skills that you have mentioned, and let's assume for purposes of this hypothetical that this individual would be able to lift and carry 20 pounds occasionally, and 10 pounds frequently, that he would be able to stand and walk and sit for six at one eight hour workday, but that, in order to perform that, he would require the option of sit-stand option, say every 30 minutes or so, that he would be limited to occasional postural activities, should avoid unprotected heights and hazardous machinery.  No significant manipulative, visual or communicative limitations, should be able to maintain [attention], concentration, and pace, and relate well, but should not work at jobs that require frequent interaction with the general public, he would experience some pain, but not at a level that would interfere with the activities that I have given, and that he would need bathroom facilities to be readily available in the work environment.  With such limitations and restrictions, would this individual be able to perform any of the past relevant work?

(Tr. 839-40).  The VE found such an individual could not do Plaintiff's past work (Tr. 840). Then, staying within the "light, unskilled" category of jobs, the VE questioned "how close is the bathroom?"  (Tr. 840.)  To which the ALJ responded, "If [bathrooms] are available, I mean, you know."  *Id.*  The VE confirmed there are definitely bathrooms available and

identified jobs within the national economy that such an individual could perform. *Id.*

Plaintiff argues the hypothetical failed to fully account for his bathroom limitation as set forth in his testimony and the RFC. Plaintiff's Brief at 7. Plaintiff asserts the VE's answer to the ALJ's hypothetical cannot constitute substantial evidence where the ALJ fails to connote the frequency with which Plaintiff will need to use the bathroom and/or how far away the bathroom will be located in relation to Plaintiff's work station. *Id.* To the extent Plaintiff relies on his testimony regarding sphincter control to assert the ALJ erred in not including a frequency or proximity limitation in his hypothetical, Plaintiff is mistaken. The ALJ properly discredited Plaintiff's testimony insofar as it deviated from the residual functional capacity assessment (Tr. 488). The ALJ specifically found, "the applicant was not completely believable. The symptoms of extreme mental, leg or bowel trouble are unsupported by the above findings." *Id.* The Court's independent review of the record finds Plaintiff's complaints of bowel incontinence are not supported by the record evidence Plaintiff has presented in this case.

In his decision, the ALJ provided adequate reasons, based upon substantial evidence, to find Plaintiff's testimony–insofar as it deviated from the RFC–was not credible. The ALJ correctly noted that Plaintiff's bowel complaints have not been supported by objective medical tests (*see, e.g.,* Tr. 379, Abdominal Obstructive Series test results with normal intestinal pattern). Notably, Plaintiff has not been treated for any type of bowel problems stemming from incontinence despite Plaintiff's repeated complaints (*see e.g.,* Tr. 717-84, Health Summary treatment notes discussing Plaintiff's treatments and medications at the VA Medical Center from December 2006 through October 21, 2008). Plaintiff testified he has not received any treatment for his asserted loss of sphincter control, nor

has he been given any medication for it (Tr. 828-29).   Moreover, the Veteran's Administration determined a zero percent impairment rating for loss of sphincter control (*see* Tr. 820, 828, 753).[4]   Furthermore, Plaintiff has not argued that the ALJ erred in his credibility findings.  *See generally* Plaintiff's Brief.

Plaintiff's arguments directed toward the bathroom accommodation he believes should have been included in the hypothetical are discussed in more detail below.

*Proximity of bathroom facilities*

Plaintiff argues the ALJ's hypothetical was incomplete because it failed to address the proximity of the bathroom to the work station.  Plaintiff's Brief at 7.  Plaintiff asserts that the proximity of the bathroom to Plaintiff's work station may preclude, in conjunction with other limitations, him from gainful employment. *Id.* at 7-8.  Plaintiff's argument, however, misses the mark.  Proximity of a bathroom to any one individual's specific work location will vary between particular businesses.  It would be natural for Plaintiff to inquire about the restroom facilities before accepting a specific job offer.   The ALJ simply found the availability of a bathroom is necessary for Plaintiff to perform the cited jobs, not that it be within a specific distance from Plaintiff's work area.

"[T]he VE is an expert on the kinds of jobs a person can perform . . . ." *Hurtado v. Comm'r of Soc. Sec.*, 425 Fed. Appx. 793, 795-96 (11th Cir. 2011).  Further, the Dictionary of Occupational Titles (DOT), upon which vocational experts often base their testimony, "simply provides generalized overviews of jobs . . . ." *Id.* at 796.  Accordingly, the VE's testimony will usually be based on generalized overviews of jobs and not the specific

---

[4]Notably, the VA determined Plaintiff's lower back injury resulted in a 60% impairment rating (Tr. 753).

details of each business employing certain categories of jobs. *See generally id.* (finding VE's testimony consistent with DOT); *Garcia v. Astrue*, No. 3:11-cv-186-J-JRK, 2012 WL 2586866 (M.D. Fla. July 3, 2012) (finding ALJ's reliance on VE testimony regarding jobs available to claimant proper).[5]   Reliance on such testimony has been held to be proper. *See Hurtado*, 425 Fed. Appx. at 796; *Garcia*, 2012 WL 256866, at *5.

In the instant case, the VE testified, based on the ALJ's hypothetical, there existed jobs in the national economy that Plaintiff could perform (Tr. 840-41).  Plaintiff argues the VE's testimony has no evidentiary value because specifics such as proximity of the bathroom to the work station were not discussed.  Plaintiff's Brief at 7.  However, Plaintiff's representative at the hearing accepted the VE as an expert (Tr. 812-44), and declined to question the VE regarding the issue of bathroom proximity (Tr. 843). *See Garcia*, 2012 WL 2586866, at *5.  Moreover, despite Plaintiff's desire for more specific limitations, reliance on hypotheticals consistent with a claimant's RFC and the DOT has been held proper. *See id.*

Accordingly, the Court finds the ALJ did not err in relying on the VE's testimony insofar as it pertained to the proximity of a bathroom to Plaintiff's possible workstation.  The ALJ's reliance on the VE's testimony was in accordance with proper legal standards.

*Frequency of bathroom breaks*

Plaintiff further argues the hypothetical was incomplete for failing to address the frequency with which Plaintiff would be required to use the bathroom.  Plaintiff's Brief at 7.

---

[5]Unpublished opinions may be cited throughout this opinion as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. *See also* 11th Cir. R. 36-2.

According to Plaintiff, such unscheduled breaks, in conjunction with other limitations, may preclude Plaintiff from gainful employment. *Id.* at 7-8. Notwithstanding some potential validity in such an argument in some cases, the Court disagrees with Plaintiff on the basis of the facts presented in this case.

The essence of the hypothetical is to adduce evidence from the vocational expert which will aid the ALJ in determining whether "there is other work available in significant numbers in the national economy that the claimant has the ability to perform." *Williams v. Barnhart*, 140 Fed. Appx. 932, 936 (11th Cir. 2005) (citations and internal quotations omitted). Therefore, "[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises *all* of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing *Jones v. Apfel*, 109 F.3d 1224, 1229 (11th Cir. 1999), *cert. denied*, 529 U.S. 1089 (2000)). In limited instances, in which the incontinence has been found to be a severe impairment, the failure to specify the frequency with which a claimant will require use of the bathroom has been held to be reversible error. *See, e.g., Davis v. Astrue*, No. 2:10CV30, 2011 WL 399956, at *17-19 (N.D. W.Va. Jan. 11, 2011) (finding the ALJ should have addressed the frequency the plaintiff's need for bathroom breaks when the plaintiff's interstitial cystitis was a severe impairment for which the plaintiff had received significant treatment); *see also Green v. Astrue*, No. 3:09-CV-331, 2010 WL 2901765, at *5 (E.D. Tenn. July 2, 2010); *Brueggen v. Barnhart*, No. 06-C-0154-C, 2006 WL 5999614, at *7 (W.D. Wis. Dec. 15, 2006).

However, a specific limitation regarding frequency has not been required *per se* for a hypothetical to be effective. *See Bertran v. Astrue*, No. 1:11CV110, 2012 WL 1245585,

at *22-23 (N.D. W.Va. Mar. 19, 2012) (the plaintiff's testimony on frequency and intensity of bathroom needs was not found credible and the hypothetical question without specifying frequent restroom breaks was adequate as it was based on consideration of all the relevant evidence of record).  Where the incontinence impairment is non-severe, there is no medical opinion articulating that the claimant was limited in work due to the incontinence condition, and there are no medical findings discussing how frequent the claimant would need to use the bathroom, a hypothetical not specifying a frequency limitation has been held to be adequate.  *Id.*

In the instant case, the ALJ gave Plaintiff every benefit of doubt and found "since he repeatedly complained of incontinence" that Plaintiff should have "ready access to washroom facilities" (Tr. 483).  However, that restriction on Plaintiff's ability to work was explicitly found not to be the result of a severe impairment.  *Id.*  Moreover, there is a dearth of medical findings regarding Plaintiff's incontinence / loss of sphincter control.  While Plaintiff has consistently complained of incontinence, no medical opinion has discussed how this claimed condition limits his work ability.[6]  Indeed, many of the medical reports which mention an incontinence issue simply make the observation of "bowel dysregulation," yet fail to treat or diagnose it further (*see, e.g.*, Tr. 196, 311, 342).  The only objective

---

[6] The closest document to making such a finding is the Department of Veteran Affair's Disability Report dated June 24, 2005 (Tr. 73-75).  In that decision, the VA evaluated Plaintiff has having "post operative residuals of herniated nucleus pulpous L5-S1, with paraspinal spasm evaluated at 60 percent and impairment of sphincter control evaluated at 0 percent." (Tr. 74).  The portion dealing with sphincter control is arguably ambiguous, and the ALJ took this into account by stating, "[l]ooking at the evidence in the light most favorable to appellant, I am incorporating a need for his ready access to washroom facilities . . . ." (Tr. 483).  This limitation was included in the RFC and the hypothetical (Tr. 485, 839).

medical test relating to Plaintiff's incontinence reported that Plaintiff's "intestinal pattern [was] normal" (Tr. 379).  Aside from Plaintiff's complaints, there are no medical findings or opinions detailing the frequency with which Plaintiff must use the bathroom; nor has Plaintiff attempted to quantify the frequency with which he must use the bathroom. Rather, Plaintiff has complained of loss of bowel control generally and testified his biggest issue is in the morning when he first stands up and gravity takes over so he must go directly to the bathroom or risk another accident (Tr. 91, 281, 291, 720, 723, 829).  Therefore, this case is more analogous to *Bertran* than *Davis*.

## CONCLUSION

While the ALJ could have chosen to state Plaintiff's bathroom restriction in more detail, the question is not whether the ALJ was perfect in performing his or her duties.  *See generally Luster v. Astrue*, No. 3:07-CV-553-J-34TEM, 2008 WL 4371328, at *9 (M.D. Fla. Sept. 19, 2008) (citing *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)) (finding that remand is not required in search of perfect decision).  The question is whether the ALJ conformed to proper legal authority and supported his or her decision with substantial evidence.  *See McRoberts*, 841 F.2d at 1080.  Here, the Court finds the ALJ followed proper legal standards, considered all the evidence of record, and supported his decision with substantial evidence.  Accordingly, the ALJ did not err in failing to specify the frequency with which Plaintiff would have to use the bathroom, nor did he err by not stating a proximity requirement.

For the reasons stated herein, the undersigned **the Commissioner's decision is AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).  Each party shall bear its own

fees and costs and the Clerk of the Court is directed to enter judgment consistent with this Order and Opinion and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of September, 2012.

Copies to counsel of record

THOMAS E. MORRIS
United States Magistrate Judge